```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MONTANA
                        MISSOULA DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV 06-198-M-DWM |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| RALPH L. BURTSFIELD, PEGGY | ) | |
| BURTSFIELD, ALAN MORRISON HAY, | ) | |
| as Trustee of the Health | ) | |
| Alternative Trust, and J. PRESCOTT | ) | |
| WARREN, as Trustor of the Eastmont | ) | |
| Trust, | ) | |
| | ) | |
| Defendants. | ) | |

## I.  Introduction

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on March 11, 2008. Judge Lynch recommended granting the United States' motion for summary judgment and denying the Burtsfields' motion for summary judgment.  The Burtsfields timely objected on March 21, 2008. The Burtsfields therefore are entitled to a de novo determination of those portions of the Findings and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).  The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error.  McDonnell Douglas Corp. v. Commodore

1

Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).  Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendation in full.  The parties are familiar with the factual background of this case, so it will not be restated here.

## II.  Analysis

The Burtsfields argue Judge Lynch erred by computing Mrs. Burtsfield's homestead estate share as a fraction of the sale proceeds instead of as a fraction of the appraised value of the residence.  Neither party cites a case directly addressing whether an innocent third-party is entitled to a percentage of the appraised value of the property or the sale proceeds.  The language of 26 U.S.C. § 7403, however, strongly suggests innocent third-parties are entitled to a fraction of the sale proceeds. See 26 U.S.C. § 7403(c) ("The court shall . . . finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."). Additionally, in an example cited in United States v. Rodgers, 461 U.S. 677, 698-99 (1983), the Supreme Court calculated the homestead estate as a percentage of the proceeds of the sale of

2

the home.  Based on this authority, Judge Lynch correctly computed Mrs. Burtsfield's homestead estate share as a fraction of the sale proceeds.

The Burtsfields also contend Judge Lynch erred by calculating Mrs. Burtsfields share only after subtracting the costs of the sale from the sale proceeds.  This argument is foreclosed by language in 28 U.S.C. § 1921(c)(1), which suggests the U.S. Marshals expenses for a sale are to be paid first.  See 28 U.S.C. § 1921(c)(1) ("The United States Marshals Service shall collect a commission of 3 percent of the first $1,000 collected and 1 ½ percent on the excess of any sum over $1,000, for seizing or levying on property (including seizures in admiralty), [and] disposing of such property by sale.").

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full.  The United States' Motion for Summary Judgment (dkt #42) is GRANTED.  The Burtsfields' Motion for Summary Judgment (dkt #38) is DENIED.

Dated this 15th day of April, 2008.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT